# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### ROBERT J. SKILLEN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2004-B-1462     J. Randall Wyatt, Jr., Judge**

---

**No. M2010-01398-CCA-R3-CO - Filed November 30, 2010**

---

The Petitioner, Robert J. Skillen, appeals from the trial court's dismissal of his petition for error coram nobis relief.  The State has filed a motion requesting that this Court affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. We grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID H. WELLES, J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Robert J. Skillen, Clifton, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Amy Eisenbeck, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The record before us reflects that on February 1, 2005, the Petitioner pleaded guilty to two counts of sexual battery by an authority figure and four counts of rape of a child.  He was sentenced to a total effective sentence of twenty-five years at 100%.  On March 16, 2010, the Petitioner filed a petition for writ of error coram nobis, alleging that a letter written by one of the victims indicated that the acts for which the Petitioner was convicted occurred "after the victims were of the age of consent."  On May 28, 2010, the trial court summarily dismissed the petition, finding both that it was barred by the one-year statute of limitations

and that a writ of error coram nobis could not set aside a knowing and voluntary guilty plea. It is from the order dismissing his petition that the Petitioner appeals.

A petition for writ of error coram nobis relief must be filed within one year of the time judgment becomes final in the trial court. See Tenn. Code Ann. § 27-7-103. It is obvious that the Petitioner's petition was filed several years after the statute of limitations had run. Nothing in the record suggests that the Petitioner's claim for relief implicates any due process concerns that would require a remand to the trial court for a hearing on the merits. See Workman v. State, 41 S.W.3d 100 (Tenn. 2001).

Moreover, "a writ of error coram nobis will not issue to set aside a guilty plea that was voluntarily and knowingly entered." Newsome v. State, 995 S.W.2d 129, 133 (Tenn. Crim. App. 1998). "[I]n order for a writ to issue, the appellant would have to present newly discovered evidence which would show that his plea was not voluntarily or knowingly entered." Id. at 134. However, the letter on which the Petitioner bases his petition fails to affect the voluntariness of his guilty pleas. We also note that when this Court reviewed the Petitioner's appeal following denial of post-conviction relief, we affirmed the post-conviction court's conclusion that the Petitioner's guilty pleas were knowing and voluntary. See Robert J. Skillen v. State, No. M2006-02524-CCA-R3-PC, 2008 WL 624930, at *5-6 (Tenn. Crim. App., Nashville, Mar. 6, 2008).

We therefore grant the State's motion and affirm the judgment of the trial court pursuant to Tennessee Court of Criminal Appeals Rule 20.

_____
DAVID H. WELLES, JUDGE